IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

                Plaintiff,

  v.

WARDEN JASON BENZEL, LT. COULIBALY,
SGT. STUDENEE, SGT. MUELLER, SGT. WATSON,
C.O. DOLSKE, C.O. KLENTZ, C.O. BLEHODVE,
LT. RITSCHKE, SGT. NELSON, SGT. ZEROCK, and
C.O. HAGGAN,

                Defendants.

OPINION and ORDER

22-cv-64-jdp

---

      Pro se plaintiff Michael D. Terrell has filed a proposed lawsuit against employees at Dodge Correctional Institution, where he is incarcerated. He contends that they violated his rights by failing to accommodate his disability and discriminating against him. The case is before the court for screening to determine whether Terrell's complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons explained below, Terrell's complaint does not support a federal claim for relief against defendants, so the case will be dismissed.

ALLEGATIONS OF FACT

      Terrell alleges the following facts, which I will accept as true for purposes of screening the complaint.

      Plaintiff Michael Terrell has several physical impairments, including a metal rod supporting his spine, a metal plate in his head, and a partially-amputated leg. His conditions make it difficult for him to stand for inmate counts, especially after he has taken pain

medication that makes him disoriented and dizzy. But correctional staff at Dodge Correctional Institution do not permit Terrell to remain sitting in his bed during inmate counts. Instead, they have told him that he must be standing or sitting in his wheelchair for counts, but that he cannot remain sitting in his bed.

On January 19, 2022, defendant Officer J. Dolske told Terrell that he needed to be in his wheelchair for the 9:00 p.m. count or that he would receive a conduct report. Terrell responded that because of his disabilities he was permitted by the inmate handbook, the warden's policy, and Department of Adult Institution regulations to remain sitting in his bed. Dolske told Terrell that she would contact health services and ask whether he was permitted to sit during count. Instead of calling health services, Dolske called defendant Sergeant Studenee, who told her that Terrell did not have an active medical restriction in the Wisconsin Integrated Corrections System that would permit him to sit on his bed during counts, and that he needed to be either standing or sitting in his wheelchair.

Officer Dolske wrote Terrell a conduct report for disobeying orders and disruptive conduct. Defendant Lieutenant Coulibaly approved the conduct report, telling Dolske that Terrell already had been warned that he needed to stand for counts. Defendants Officer Klentz and Sergeant Mueller gave Terrell the conduct report, but Terrell refused to sign it because he did not think he had broken any rules. Terrell asked Klentz and Mueller to send the conduct report to the administration for further review. Later, Dolske and Mueller told Terrell that he had been found guilty of the conduct report. Terrell saw Dolske and Mueller high-five each other, laugh, and say "Yes, we got him." Plaintiff was disciplined with five days of room confinement, which meant that he could not make phone calls or attend recreation.

On the fifth day of his confinement, Terrell asked Officer Klentz if he could make a phone call. Klentz responded that Terrell was still on room confinement, but Terrell argued that his confinement should be over and asked Klentz to check with Sergeant Nelson. Klentz refused to cell Nelson, and he told Terrell that he could not use the phone until the following day.

Later that same day, Terrell tried to get into his wheelchair for the 9:00 p.m. evening count. He already had taken his evening medication, which made him dizzy and tired. He fell to the ground, hit his head, injured his back, and began having seizures. He was taken to the hospital for treatment.

## ANALYSIS

Terrell states that defendants (1) inflicted cruel and unusual punishment by forcing him to stand or be in his wheelchair for inmate counts; (2) refused to accommodate his disability; and (3) discriminated against him because of his disability. These claims arise under the Eighth Amendment, the Rehabilitation Act, and the Fourteenth Amendment.

A.  **Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes. To state a claim under the Eighth Amendment, Terrell must allege three things: (1) he is being denied a basic life necessity or is being subjected to a substantial risk of serious harm; (2) the defendant is aware of the deprivation or risk; and (3) the defendant is consciously refusing to take reasonable steps to help Terrell. *See Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007).

Terrell's allegations do not support an Eighth Amendment claim. His allegations do not suggest that he was denied life's necessities, but only that he was denied the level of accommodation during inmate counts that he wanted. His allegations suggest that he might have faced a substantial risk of serious harm from the requirement that he stand or move to his wheelchair for inmate counts. But even if I assume that he faced a substantial risk of serious harm, Terrell's allegations do not suggest that defendants, all of whom were security staff, were aware of that risk. Terrell instead alleges that security staff reviewed his medical restrictions in the prison computer system to determine whether he had any restrictions relating to inmate counts. And Terrell admits that there was no medical restriction in the system that permitted him to remain sitting on his bed during counts. As non-medical staff, defendants were entitled to defer to the decisions of medical staff regarding whether Terrell needed to be accommodated during inmate counts. *See Giles v. Godinez*, 914 F.3d 1040, 1049–50 (7th Cir. 2019).

Terrell's allegations that two officers high-fived each other and stated, "Yes, we got him," also do not support an Eighth Amendment claim. As Terrell is aware from his previous cases, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Terrell v. Dodge Corr. Inst.*, No. 21-CV-50-JDP, 2021 WL 1546090, at *2 (W.D. Wis. Apr. 20, 2021) (*quoting Beal v. Foster*, 803 F.3d 356, 357–59 (7th Cir. 2015)). The constitution does not require prison staff to have "genteel language" or good manners. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). A prison official's verbal harassment and insults can rise to the level of a constitutional violation if the verbal harassment increases the risk of physical harm or targets an inmate with known psychological vulnerabilities. *See Beal*, 803 F.3d at 357–59; *Lisle*, 933 F.3d at 718. But Terrell's allegations about defendants do not suggest

that their comment increased a risk of physical harm to Terrell or was an attempt to exploit Terrell's vulnerability to cause psychological pain.

## B. Rehabilitation Act

The Rehabilitation Act prohibits public entities from discriminating against individuals because of their disabilities. To state a claim under the Rehabilitation Act, Terrell would need to allege that: (1) he is disabled; (2) the defendants denied him access to a program, service, or activity because of his disability; and (3) he is otherwise qualified for the program, service, or activity. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). I can infer that Terrell's amputation, back pain, and other physical limitations qualify as disabilities. But Terrell's claim fails on the second element, because he has not alleged that he was denied access to a program, service, or activity because of his physical disabilities. He alleges only that he had difficulty standing or moving to his wheelchair for inmate counts, but inmate counts would not qualify as a prison program, service, or activity to which he was denied access.

## C. Fourteenth Amendment Equal Protection Clause

Terrell also contends that defendants discriminated against him and treated him unfairly because of his disability by disciplining him for refusing to stand for inmate counts. Terrell may be attempting to state a claim under the Equal Protection Clause of the Fourteenth Amendment, which prohibits intentional discrimination. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985). However, Terrell's allegations do not support a claim of intentional discrimination.

Terrell does not allege that any of the defendants intentionally targeted him or other disabled prisoners for adverse treatment. Instead, Terrell's complaint makes it clear that he was disciplined for failing to comply with an officer's order, not because he was disabled. Terrell's

allegations suggest that defendants were treating him the same as the able-bodied prisoners, even though he was disabled. Because the Equal Protection Clause prohibits only intentional discrimination, not a failure to accommodate a disability, Terrell's allegations do not state a claim under the Equal Protection Clause.

Because Terrell's allegations do not support any claim for relief, I will dismiss the complaint. Generally, district courts give pro se plaintiffs the opportunity to file an amended complaint if the original complaint is technically deficient or additional allegations could support a claim for relief. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). In this instance, however, Terrell's complaint contains detailed allegations about his interactions with defendants and his legal theories. I am dismissing his complaint not because his complaint is too vague, conclusory, or lacking in facts, but because defendants' alleged actions were not violations of Terrell's rights under federal law.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael D. Terrell's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered May 24, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge